IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT LEETCH, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>HENIFF TRANSPORTATION )<br>SYSTEMS,LLC an Illinois Corporation )<br>and ROBERT HENIFF, )<br>)<br>Defendants. ) | Case No: 10 cv 2036<br><br>Jury Trial Requested |

**COMPLAINT**

**I. INTRODUCTION**

1. This is an action for employment discrimination brought pursuant to the Americans with Disabilities Act (ADA) as amended, effective January 1, 2009, and the Family and Medical Leave Act, (FMLA). In violation of each of these statutes, plaintiff was terminated from his employment as Chief Financial Officer of Heniff Transportation Systems, the day he returned from a four day absence to remove a malignant tumor from his face. Plaintiff is seeking actual and punitive damages, liquidated damages and injunctive relief. In pendant state claims plaintiff alleges violations of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/2 based on defendants' failure to pay final compensation and finally seeks compensatory and punitive damages due to defendants' intentional infliction of mental distress pursuant to Illinois case law.

**II. JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

3. Venue is appropriate in this judicial district pursuant to 28 U.S.C §1391(b) because the defendants reside in this district and the events giving rise to the claim arose in this district.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff filed his discrimination charge with the EEOC on March 18, 2010 and received the right to sue letter on March 26, 2010. (See Exhibit 1 attached to the complaint.)

### IV. THE PARTIES

5. Plaintiff Robert Leetch is a 73 year old male citizen of the United States who currently resides in Chicago, Illinois. Mr. Leetch was hired in February, 2008 by defendants for the position of Chief Financial Officer of Heniff Transportation Systems, LLC. At the time of his hire, Mr. Leetch had over forty (40) years of experience in the transportation industry.

6. Defendant Heniff Transportation Systems, LLC, (referred to herein as "Heniff Transportation") is headquartered in Burr Ridge, Illinois with terminals in Illinois, Texas, Alabama, Tennessee and Louisiana. Heniff Transportation provides delivery of liquid bulk chemicals throughout the continental United States and Canada.

7. Defendant Robert Heniff (referred to herein as "Heniff") is the majority owner and President of defendant Heniff Transportation. Heniff had supervisory authority over the plaintiff and as set forth further herein, was responsible for the within violations of the Family and Medical Leave Act.

### V. FACTUAL ALLEGATIONS

8. Between the start of his employment and March 1, 2010, plaintiff met or exceeded defendant's job expectation as Chief Financial Officer of the company. He reported directly to Robert Heniff, President. He was never criticized or disciplined for his performance.

9. In mid 2008, plaintiff was diagnosed with non Hodgkin's Lymphoma. Plaintiff informed defendants of his condition. Mr. Leetch underwent chemotherapy and later stem cell replacement at Northwestern University Medical Center, Chicago.

10. In January, 2009 Heniff Transportation removed Leetch from its group health insurance coverage.

11. In February, 2010 Mr. Leetch developed a malignant parotid gland tumor on his face. Mr. Leetch had surgery for the removal of this tumor on February 23, 2010 and returned to work with no restrictions on March 1, 2010. On March 1, 2010 Plaintiff met with Robert Heniff and informed him that he would require radiation treatments after he healed from the surgery.

12. On the same day, March 1, 2010, in the late afternoon, Randy Morris, Human Resources, came into Leetch's office and told him that he was terminated from his employment citing the company's need to cut expenses. Morris, acting under direction of Heniff, told Leetch that his termination was effective immediately.

13. Defendants failed to pay Leetch for wages due and owing for the week ending February 26, 2010 and March 1, 2010. A written demand for these unpaid wages in the gross amount of $4,153.85 was made by counsel to defendants on March 23, 2010. No payment or response was received from defendants.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT HENIFF TRANSPORTATION SYSTEMS, LLC FOR VIOLATION OF THE AMERICANS WITH DISABILITIES AMENDMENTS ACT**

14. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Amendments Act since his cancer, in its active state, substantially limits normal cell growth function.

15. Defendant Heniff Transportation, LLC, terminated plaintiff because of his disability in violation of the ADA, 42 U.S.C. § 12111 *et seq.* as amended.

16. Defendant's action was willful and malicious in reckless disregard of plaintiff's rights.

17. As a result of the defendant's actions as set forth herein, the plaintiff has suffered and will suffer substantial economic loss, including lost wages, benefits and lost future income.

18. As a result of the defendant's actions as set forth herein, the plaintiff has suffered substantial emotional and/or physical injury.

WHEREFORE, plaintiff respectfully requests that after trial by jury in this cause, this court enter judgment:

    A. Awarding plaintiff injunctive relief.

    B. Awarding plaintiff compensatory and punitive damages.

    C. Awarding plaintiff all reasonable attorneys fees and costs in connection with his prosecution of this action.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS HENIFF TRANSPORTATION SYSTEMS, LLC and ROBERT HENIFF FOR VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT.**

19. Robert Leetch is an "eligible employee" of defendants, as that term is defined at 29 U.S.C. § 2611(2)(A), and he required leave from his employment due to a serious medical condition.

20. Defendant Heniff Transportation Systems is an "employer" as that term is defined at 29 U.S.C.§ 2611(4)(A).

21. Defendant Robert Heniff is an "employer" as that term is defined at 29 U.S.C.§ 2611(4)(A), since he controlled in whole or part plaintiff's ability to take a leave of absence and return to his position. See *Robinson v. Morgan Stanley et al.*, 2007 WL 2815839 (N.D. Ill. 2007); *Austin v. Cook County et al.*, 2009 WL 799488 (N.D. Ill. 2009)

22. Plaintiff was entitled to leave under the FMLA because of a serious health condition that required him to undergo surgery for removal of a malignant tumor on his face.

23. Plaintiff notified the defendants in a timely manner that he had been scheduled for surgery. Plaintiff was absent from work for four workdays (from February 23, 2010 until March 1, 2010). On March 1, 2010, the day he returned to work, plaintiff told Heniff that he would require radiation treatments in the future.

24. Defendants refused and failed to return plaintiff to his position and terminated plaintiff from his employment for having taken leave and for having requested additional intermittent FMLA leave for his future radiation treatments.

25. As a result of the defendants' actions, plaintiff has suffered and will suffer substantial economic loss, including back wages and benefits.

26. The actions of the defendants as set forth herein were willful, wanton and/or taken with reckless disregard for the rights of the plaintiff.

27. The actions of the defendants interfered with the plaintiff's attempt to exercise rights under the FMLA and retaliated against plaintiff for attempting to exercise such rights in violation of 29 U.S.C. § 2615.

WHEREFORE, plaintiff respectfully requests that this Court, after trial by jury, enter judgment in favor of plaintiff and against each of the defendants awarding plaintiff compensatory and liquidated damages, attorneys fees, costs and injunctive relief.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS FOR VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT.**

28. Plaintiff is an employee as defined by the Illinois Wage Payment and Collection Act. 820 ILCS §. 115, *et. seq.*

29. Defendants are employers as defined by the Illinois Wage Payment and Collection Act, 820 ILCS 115, *et. seq.*

30. Defendants refused to pay plaintiff his final compensation in the gross amount of $4,153.85 on the payday following his discharge or any time thereafter in violation of the Illinois Wage Payment and Collection Act, 820 ILCS §. 115/5.

31. Defendant Robert Heniff, knowingly permitted Heniff Transportation to violate the Illinois Wage Payment and Collection Act and shall therefore be deemed an employer of plaintiff and personally liable under the Act. 820 ILCS § 115/13.

WHEREFORE, Plaintiff respectfully requests, after trial by jury, enter judgment in favor of plaintiff and against each of the defendants awarding plaintiff his unpaid wages, statutory interest, attorneys fees and costs.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS BASED ON CLAIM OF INTENTIONAL INFLICTION OF MENTAL DISTRESS PURSUANT TO ILLINOIS STATE LAW**

32. When plaintiff returned to the workplace on March 1, 2010, he had just undergone surgery to his face to remove a malignant tumor requiring over 100 stitches. The surgery left Leetch facially disfigured.

33. When the plaintiff met with Heniff on March 1, 2010, Heniff never indicated that Leetch was about to be terminated from his employment or that there were any financial

circumstances that might require his discharge. Despite the fact that Leetch was Chief Financial Officer, Heniff did not discuss the need to cut payroll costs or any other matter that would indicate Leetch's impending termination. On information and belief Heniff ordered another employee Randy Morris to terminate Leetch only after Heniff had left the office.

34. Defendants' callous decision to terminate Leetch on the very day he returned from surgery to remove a malignancy without any warning or notice amounts to outrageous conduct calculated to cause severe emotional distress to a person of ordinary sensibilities.

35. Heniff intended that his action in terminating Leetch on March 1, 2010 without rationale or warning would cause extreme emotional injury or alternatively he knew that such conduct had a high probability of causing extreme emotional injury. He simply did not care.

36. As a result of this outrageous conduct Leetch did suffer and continues to suffer severe emotional injury.

WHEREFORE, after trial by jury, Plaintiff respectfully asks this court to enter judgment in favor of plaintiff and against each of the defendants awarding plaintiff compensatory and punitive damages, the costs of this action and any additional relief this court deems just.

Respectfully submitted,

/s Joanne Kinoy
One of the Attorneys for Plaintiff

Joanne Kinoy
Miriam N. Geraghty
Kinoy, Taren & Geraghty P.C.
Attorneys for Plaintiff
224 S. Michigan Ave.
Suite 300
Chicago, IL 60604
Tel: (312) 663-5210

Fax: (312) 663-6663
Email: ktgkinoy@aol.com
ARDC # 1468359