UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT LEETCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 10 C 2036 |
| | ) | |
| HENIFF TRANSPORTATION SYSTEMS, | ) | |
| LLC an Illinois corporation and | ) | |
| ROBERT HENIFF, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the court on the motion of Defendants Heniff

Transportation Systems, Inc. ("HTS") and Robert Heniff ("Heniff") to dismiss Count

III of the complaint. For the reasons stated below, Defendants' motion is granted.

## BACKGROUND

According to the allegations of the complaint, which we must accept as true for

purposes of this motion[1], Plaintiff Robert Leetch ("Leetch") is a former employee of

HTS. HTS hired Leetch in February 2008 to serve as its Chief Financial Officer.

Sometime in 2008, Leetch notified HTS that he had been diagnosed with non-

Hodgkin's Lymphoma and underwent treatment for his condition. Two years after this

---

[1] *Warth v. Seldin*, 422 U.S. 490, 502 (1975).

diagnosis, in February 2010, doctors discovered a malignant tumor on Leetch's face. Leetch had surgery to remove the tumor on February 23, 2010, and returned to work at HTS on March 1, 2010. Later that afternoon, Heniff directed an employee from HTS' Human Resources department to tell Leetch that his employment had been terminated effective immediately. Leetch filed suit against HTS and Heniff on April 1, 2010, asserting federal claims under the Americans With Disabilities Act and the Family Medical Leave Act as well as a state law claim for intentional infliction of emotional distress. Defendants now move to dismiss Leetch's IIED claim.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order for a claim to survive a motion to dismiss, the plaintiff must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074,

1084 (7th Cir. 2008). A claim should not be dismissed "unless it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hefferman v. Bass*, 467 F.3d 596, 598 (7th Cir. 2006) (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).

## DISCUSSION

Defendants argue that Leetch's IIED claim should be dismissed because the conduct described in the allegations does not amount to extreme and outrageous behavior. In order to state a claim for IIED, the conduct alleged must be so outrageous and extreme such that it transcends all bounds of decency. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 80-81 (Ill. 2003). Liability for IIED cannot be premised upon "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Pub. Fin. Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976).

Defendants' alleged conduct does not rise to the requisite level of outrageousness sufficient to state an IIED claim. In essence, Leetch alleges that, on the day he returned to work after surgery, Defendants' ordered an HTS employee to notify him that his position had been terminated. The complaint indicates that the termination was done matter-of-factly; the allegations contain no suggestion that Defendants employed insults, threats, or even harsh language in ending Leetch's employment. Though

Defendants' behavior, if true, could be characterized as insensitive, their actions do not transcend all bounds of decency. *See Feltmeier*, 798 N.E.2d at 80-81.

Leetch highlights certain circumstances of his termination to argue that Defendants' conduct is extreme enough to support an IIED claim. Specifically, he directs our attention to the authority Defendants had over him, the alleged illegitimacy of their objective in terminating him, and their alleged awareness of his susceptibility to emotional distress after his facial surgery. Though the Illinois Supreme Court has indicated these contextual factors are relevant to the outrageousness inquiry, *McGrath v. Faney*, 533 N.E.2d 806, 809-11 (Ill. 1988), they are not determinative of the extremity question. Leetch must still allege that Defendants' engaged in sufficiently objectionable underlying behavior in order to state a claim for IIED. *See, e.g., Milton v. Ill. Bell Tel. Co.*, 427 N.E.2d 829, 830-33 (Ill. App. Ct. 1981) (plaintiff stated claim for IIED when defendants possessed authority over plaintiff and engaged in pattern of extensive harassing and discriminatory conduct against her). Even when considering the accompanying circumstances, Leetch's allegations do not establish that Defendants behaved in an outrageous manner such that they could be liable for intentional infliction of emotional distress. Because the behavior described in Leetch's allegations does not

rise to the requisite level of outrageousness, we grant Defendants' motion to dismiss his

IIED claim.[2]

## CONCLUSION

Defendants' motion to dismiss Count III for failure to state a claim under Fed. R.

Civ. P. 12(b)(6) is granted.

_____
Charles P. Kocoras
United States District Judge


Dated:    August 11, 2010

---

[2] Defendants argued in the alternative that Leetch's IIED claim should be dismissed because the cause of action is preempted by the Illinois Human Rights Act. Because we have dismissed the claim on grounds that it fails to state a claim for IIED, we decline to address Defendants' other argument at this time.